9 F.3d 112
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Michael S. DUGAN, Debtor-Appellant.
 No. 92-3959.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 30, 1993.*
Decided Oct. 14, 1993.
 
 Before POSNER, Chief Judge, and CUMMINGS and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Debtor Michael S. Dugan appeals from an order of the bankruptcy court dissolving pre-judgment liens that he recorded against property owned by Fremont Financial Corporation and its real estate broker, Timothy Hektoen. We affirm.
 
 
 2
 Dugan's sole argument is that Bankruptcy Judge Ginsburg should have removed himself from the case under 28 U.S.C. Sec. 455(a) because he was part of a massive conspiracy against Dugan. Dugan, however, did not take the necessary steps to preserve this argument. On May 26, 1992, Dugan moved to disqualify Bankruptcy Judge Ginsburg and all the judges in the Seventh Circuit. The motion was denied at the time it was filed. Dugan's sole recourse from that denial was to apply to us immediately for a writ of mandamus. See United States v. Masters, 924 F.2d 1362, 1367 (7th Cir.), cert. denied, 111 S.Ct. 2019 (1991); Matter of Mason, 916 F.2d 384, 385 (7th Cir.1990); United States v. Balistrieri, 779 F.2d 1191, 1204-05 (7th Cir.1985), cert. denied, 475 U.S. 1095 (1986). This Dugan failed to do. Consequently, Bankruptcy Judge Ginsburg's denial of Dugan's motion under Sec. 455(a) is waived. We add that, waiver aside, the allegations against Bankruptcy Judge Ginsburg and the judges of this court as well as his scurrilous references to ethnic groups would render any mandamus action patently frivolous.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Dugan has filed such a statement. After considering that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs